UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMARCUS L. MASON,

    Petitioner,

  vs.

T. HOLT,[1]

    Respondent.

No. 2:13-cv-0507-EFB P

ORDER

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties in this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). At issue is the sentence imposed following a judgment of conviction entered against petitioner on October 7, 2011, in the Sacramento County Superior Court on a charge of voluntary manslaughter. Petitioner seeks federal habeas relief on the following grounds: (1) he is entitled to good conduct credits toward his sentence, pursuant to Cal. Penal Code §§2900.5 and 4019; and (2) he is entitled to pre-sentence and post-sentence credits for time served in custody, pursuant to Cal. Penal Code § 654.

---

[1] Previously named as respondent was C. Wofford, Warden of Avenal State Prison. The court now substitutes in the correct respondent, the Warden of Taft Modified Community Correctional Facility, where petitioner is presently incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). *See also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

Upon careful consideration of the record and the applicable law, petitioner's application for habeas corpus relief must be denied.

**I. Background**

On June 21, 1999, petitioner pled guilty to second degree attempted robbery, with a sentence enhancement for personally inflicting great bodily injury. Resp't's Lodg. Doc. 1. He was sentenced to an aggregate five-year prison term and payment of several restitution fines. *Id.* In 2010, after petitioner had completed this prison sentence, the robbery victim died as a result of the injuries sustained in the robbery. Petitioner was subsequently charged with the victim's murder. Resp't's Lodg. Doc. 8. Petitioner pled no contest to voluntary manslaughter and was sentenced to 11 years in prison. Resp't's Lodg. Doc. 2. He was awarded five years (1,825 days) custody credit for time served in prison following his robbery conviction. *Id.* He was also awarded pre-sentence credit for 187 days spent in custody and 28 days for good conduct, for a total of 215 days of credits. *Id.* Petitioner did not file an appeal of either his conviction or his sentence.

Petitioner subsequently filed nine petitions for writ of habeas corpus in the Sacramento County Superior Court, California Court of Appeal, and California Supreme Court. Resp't's Lodg. Docs. 3, 5, 7, 9, 11, 13, 15, 17, 19. All of those petitions were unsuccessful.

Petitioner commenced the instant action by filing a petition for writ of habeas corpus on March 13, 2013, arguing that he is entitled to conduct credits pursuant to Cal. Pen. Code §§ 2900.5 and 4019. On May 28, 2013, petitioner filed another habeas action in this court in case No. 2:13-cv-1051-CMK, claiming that he should have been granted pre-sentence and post-sentence credits for time served in custody, pursuant to Cal. Pen. Code § 654. On November 18, 2013, this court granted respondent's motion to consolidate case No. 2:13-cv-1051-CMK with the instant action. ECF No. 14. Petitioner was ordered to file an amended habeas petition in this action that contained both of his claims for federal habeas relief. ECF No. 15.

Petitioner filed an amended petition on August 7, 2014. ECF No. 16. Respondent filed an answer on August 7, 2014. ECF No. 21. Petitioner did not file a traverse.

/////

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of

an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008)

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

1  (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of
2  § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by
3  considering de novo the constitutional issues raised.").

4  The court looks to the last reasoned state court decision as the basis for the state court
5  judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If
6  the last reasoned state court decision adopts or substantially incorporates the reasoning from a
7  previous state court decision, this court may consider both decisions to ascertain the reasoning of
8  the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When
9  a federal claim has been presented to a state court and the state court has denied relief, it may be
10 presumed that the state court adjudicated the claim on the merits in the absence of any indication
11 or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption
12 may be overcome by a showing "there is reason to think some other explanation for the state
13 court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).
14 Similarly, when a state court decision on a petitioner's claims rejects some claims but does not
15 expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that
16 the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133
17 S.Ct. 1088, 1091 (2013).

18 Where the state court reaches a decision on the merits but provides no reasoning to
19 support its conclusion, a federal habeas court independently reviews the record to determine
20 whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v.*
21 *Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo
22 review of the constitutional issue, but rather, the only method by which we can determine whether
23 a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no
24 reasoned decision is available, the habeas petitioner still has the burden of "showing there was no
25 reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

26 A summary denial is presumed to be a denial on the merits of the petitioner's claims.
27 *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze
28 just what the state court did when it issued a summary denial, the federal court must review the

5

state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.  This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102.  The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'"  *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III.  Petitioner's Claims**

    **A.  First Ground for Relief**

In his first ground for relief, petitioner claims that he is "entitled to conduct credits pursuant to Cal. Pen. Code 2900.5 and 4019." ECF No. 16 at 4.  *See* also ECF No. 1 at 4.  In the "supporting facts" section of the petition, petitioner explains:

> The County detention facilities are unable to provide job programs similar to the State Prison System.  Therefore, County governments are not required to provide a work-incentive program allowing P.C. 2933 credits to pre and post sentence felons serving time in County detention facilities.  P.C. 2933 only applies to work time credits which restrict prison work time credits from day to day to only 15%.  P.C. 2933.1 could only be applied to post convictions credits, never to pre-sentencing credits.  P.C. 2933 & 2933.1 is applied only when received into the custody of CDCR.

ECF No. 1 at 4.[3]  Attached to the petition in support of this claim is a copy of a motion petitioner filed in the Sacramento Superior Court, entitled "ex parte motion for amended abstract of judgment to include conduct credits pursuant to Penal Code sections 2900.5 and 4019; also per SBXXX18, AB109 and AB117."  *Id.* at 7-14.  In that motion, petitioner argued that state law

---

[3] Cal. Penal Code § 2933 provides for and defines the parameters of "worktime credits on sentences."  Cal. Penal Code § 2933.1 provides: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

entitled him to 187 pre-sentence custody credits pursuant to Cal. Pen. Code § 2900.5, 28 days of good conduct credits pursuant to Cal. Pen. Code § 4019, and "credits due per the assembly bills AB109 and AB117 that passed in April and June 2010 to take effect on October 20, 2011 that is known as The "Realignment Plan"." *Id.* at 7. The motion also argued that the state's failure to give him increased ("half time") conduct credits under the amendments to Cal. Penal Code § 4019 violated his rights to "equal protection of the law." *Id.* at 12.

Petitioner raised a similar challenge to his custody credits in a petition for writ of habeas corpus filed in the California Court of Appeal. Resp't's Lodg. Doc. 13. In support of that petition, petitioner attached the same motion for conduct credits that he provides in support of his first claim for relief in this action. *Id.* The Court of Appeal summarily denied that petition. Resp't's Lodg. Doc. 14.

Petitioner raised these claims again in a petition for writ of habeas corpus filed in the California Supreme Court. Resp't's Lodg. Doc. 17. The Supreme Court denied that petition with citations to *In re Clark*, 5 Cal.4th 750, 767-69 (1993), *People v. Duvall*, 9 Cal.4th 464, 474 (1995), and *In re Swain*, 34 Cal.2d 300, 304 (1949). Resp't's Lodg. Doc. 18.

Respondent argues that the California Supreme Court's citation to *In re Clark*, *People v. Duvall* and *In re Swain* constitutes a state procedural bar which precludes this court from addressing the merits of petitioner's first claim for relief. ECF No. 21 at 9-10. As a general rule, "[a] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 314 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53 (2009)). However, a reviewing court need not invariably resolve the question of procedural default prior to ruling on the merits of a claim. *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997); *see also Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002): ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same"); *Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004) (noting that although the question of procedural default should ordinarily be considered first, a reviewing court need not do so

invariably, especially when the issue turns on difficult questions of state law). Where deciding the merits of a claim proves to be less complicated and less time-consuming than adjudicating the issue of procedural default, a court may exercise discretion in its management of the case to reject the claim on the merits and forgo an analysis of procedural default. *See Franklin*, 290 F.3d at 1232 (citing *Lambrix*, 520 U.S. at 525). Under the circumstances presented here, the court finds that petitioner's claim can be resolved more easily by addressing it on the merits. Accordingly, the court will assume that the claim is not defaulted.

Respondent assumes that the California Supreme Court did not address the merits of petitioner's challenge to his conduct credits because it denied the claim on procedural grounds. ECF No. 21 at 10 n.4. This court will make the same assumption. Accordingly, the court will analyze petitioner's first claim for relief de novo. *Stanley*, 633 F.3d at 860; *Reynoso*, 462 F.3d at 1109; *Nulph*, 333 F.3d at 1056.

The court first notes that both of petitioner's claims in the instant petition are vague, conclusory, and not sufficiently supported with a statement of relevant facts. They are difficult to decipher and require the court to speculate as to the exact claims being made. "It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). Nevertheless, the court will evaluate petitioner's claims below.

Under Cal. Penal Code § 2900.5(a), a person sentenced to state prison for criminal conduct is entitled to credit against the term of imprisonment for all days spent in custody before sentencing. California Penal Code § 4019 provides that a criminal defendant may earn additional presentence credit against his or her sentence for willingness to perform assigned labor (*see* § 4019(b)) and compliance with rules and regulations (*see* § 4019(c)). These forms of presentence credit are called, collectively, "conduct credit." *See People v. Dieck*, 46 Cal.4th 934, 939 n. 3 (2009); *People v. Kennedy*, 209 Cal.App.4th 385, 395 (2012). "Once a person begins serving his prison sentence, he is governed by an entirely distinct and exclusive scheme for earning credits to shorten the period of incarceration." *People v. Buckhalter*, 26 Cal.4th 20, 31

8

(2001). Effective October 1 2011, § 4019 was amended by Assembly Bills Nos. 109 and 117, which petitioner cites in the instant petition. *See* Stats.2011, c. 15 (A.B.109), § 482, eff. April 4, 2011, operative Oct. 1, 2011, and amended by Stats.2011, c. 39 (A.B.117), § 53, eff. June 30, 2011, operative Oct. 1, 2011. These amendments increased the level of presentence conduct credits available under § 4019 to, effectively, a day for day formula and removed the limitation on the types of prisoners who could accrue such presentence conduct credits. *See* current § 4019(h); *People v. Brown*, 54 Cal.4th 314, 322 n.11 (2012).

To the extent petitioner is alleging that state authorities violated state law in failing to award him the correct amount of time credits under these statutes, his claims are not cognizable in this federal habeas action. As explained above, a federal writ is not available for alleged error in the interpretation or application of state law. *Wilson*, 562 U.S. at 5; *Estelle*, 502 U.S. at 67-68. Federal district courts that have considered the issue have concluded that the denial of presentence conduct credits under Cal. Penal Code §§ 4019 and 2900.5 implicates only state law questions, and therefore such claims are not cognizable on federal habeas review. *See, e.g., Perry v. Hill*, No. EDCV 11–86–ODW (AGR), 2012 WL 6082449, at *4 (C.D. Cal. October 23, 2012) (claim of entitlement to conduct credits under Cal. Penal Code § 4019 not cognizable on federal habeas review); *Barlow v. Grounds*, No. CV 10–6891 JAK (FMO), 2012 WL 1966011, at *2 (C.D. Cal. May 7, 2012) (claim that state court abused its discretion in denying good behavior credits under Cal. Penal Code §§ 4019 and 2900.5 not cognizable on federal habeas review); *Brown–Monroe v. McDonald*, No. CV 10–5076–MWF (RNB), 2012 WL 6140408, at *18–19 (C.D. Cal. September 10, 2012) (Cal. Penal Code § 4019 does not offend Equal Protection Clause, and violation does not warrant federal habeas relief). *See also Hampton v. Vasquez*, No. ED CV 12-1492 FMO, 2013 WL 3669741, at *11 (C.D. Cal. July 11, 2013) (challenge to computation of time credits under Cal. Penal Code §§ 2933.1 and 4019 not cognizable in federal habeas). Petitioner's challenge to the calculation of his sentence credits by the state, including whether he was entitled to "half time" credits under the amendments to Cal. Penal Code § 4019, is not properly before this court.

/////

Construing the petition liberally, petitioner may also be claiming that his right to equal protection under the law was violated by his inability to earn certain work credits while in pre-sentence custody because other inmates, who are serving their sentences in state prison, are entitled to earn those credits through work programs.

The Equal Protection Clause requires, generally, that similarly situated defendants be treated similarly. *See City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Equal protection is violated by intentional discrimination against a person based on his or her membership in a protected class, *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or by intentional treatment of a member of an identifiable class differently from other similarly situated individuals without a rational basis for the difference in treatment (i.e., a rational relationship to a legitimate state purpose), *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A state is not, however, precluded from placing defendants in different classifications so long as the disparate classifications have a rational basis and are not based on traditional suspect classes:

> "The Constitution does not require things which are different in fact . . . to be treated in law as though they were the same.' *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124. Hence, legislation may impose special burdens upon defined classes in order to achieve permissible ends. But the Equal Protection Clause does require that, in defining a class subject to legislation, the distinctions that are drawn have 'some relevance to the purpose for which the classification is made.'

*Estelle v. Dorrough*, 420 U.S. 534, 538-39 (1975) (internal quotations and string citation omitted); *see also Heller v. Doe by Doe*, 509 U.S. 312, 319 ("a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity"). "For statutory challenges made on Equal Protection grounds, 'the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate governmental interest.'" *United States v. Harding*, 971 F.2d 410, 412 (9th Cir. 1992) (quoting *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985)). Further, "the rational basis standard does not require that the state choose the fairest

/////

or best means of advancing its goals." *Robinson v. Marshall*, 66 F.3d 249 (9th Cir. 1995) (rejecting equal protection challenge to Cal. Penal Code § 2900.5).

Petitioner has failed to demonstrate that his inability, if any, to earn work credits while in pre-sentence custody violates the Equal Protection Clause. No protected class is implicated by petitioner's claim that Cal. Penal Code §§ 4019 and 2900.5 should have applied in his case. Further, at the time petitioner was in county jail prior to being sentenced he was not similarly situated to inmates who had already been sentenced and were confined in state prison. Petitioner has also failed to show that the California Legislature's distinction between inmates who are temporarily housed prior to being sentenced and inmates who are already serving prison sentences, for purposes of establishing work programs, does not bear a rational relationship to a legitimate state purpose. As the California Court of Appeal for the Fifth Appellate District has explained:

> Numerous cases have held that various classes of detainees are *not* similarly situated with respect to the award of conduct credits. In a context very similar to the one before us, for example, a nonviolent felon earns fewer conduct credits during presentence confinement in a local detention facility (§§ 2900.5, 4019) than he or she does once sentenced to state prison and enrolled in a qualifying work program (§ 2933). The courts have uniformly rejected equal protection claims challenging this disparity, finding that pretrial detainees and state prison inmates are not similarly situated for purposes of the statutes (citations omitted) or alternatively that the disparate treatment is justified by the state's interest in rehabilitating convicted felons (citations omitted).
>
> . . . The difficulty of establishing prison-style work programs in county jails for pretrial detainees – who may make bail, or have work programs interrupted by court appearances and other obligations – further distinguishes pretrial detainees from state prisoners and justifies the slightly disparate scheme for awarding conduct credits to the former class."

*People v. Ramos*, 50 Cal.App.4th 810, 822 (1996). The distinction made by the California Legislature with regard to eligibility for work credits is not arbitrary and bears a rational relationship to a legitimate government interest.

For the reasons described above, petitioner is not entitled to federal habeas relief with respect to his claim that his rights were violated by the state's failure to grant him appropriate sentence credits under Cal. Penal Code §§ 4019 and 2900.5.

**B. Second Ground for Relief**

In his second ground for relief, petitioner claims that he is entitled to "pre-sentence and post-sentence credits for time served in custody, pursuant to Cal. Pen. Code 654." ECF No. 16 at 4. Petitioner explains: "The court did not award the Petitioner the 249 days of credits for his pre- and post-sentence nor the 235 days of credits for his incarceration credit from the original case 99F03129." Case No. 2:13-cv-1051-CMK, ECF No. 1 at 4.

Petitioner raised this same claim in one of the habeas petitions that he filed in the Sacramento Superior Court. In that state petition, petitioner claimed that in addition to receiving time credit for the five years he served on his first conviction for attempted robbery, he should also have received "credit for the pre and post sentence which is 249, plus the incarceration credit which is 235, because these credits are also part of the original case 99F03129." Resp't's Lodg. Doc. 11. The Superior Court denied these claims, reasoning as follows:

> A petitioner seeking relief by way of habeas corpus has the burden of stating a prima facie case. (*In re Bower* (1985) 38 Cal.3d 865, 872.) A petition should attach as exhibits all reasonably available documentary evidence or affidavits supporting the claim. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Penal Code section 2900.5(1) requires that all days that a defendant has spent in pre-sentence custody be credited to his term of imprisonment, including conduct credit. It is the defendant's burden to prove that he is entitled to pre-sentence credits. (*In re Nickles* (1991) 231 Cal.App.3d 415, 419.) Penal Code section 2933.1(c) limits the amount of conduct credit earned by a defendant who has been convicted of any felony listed in section 667.5(c) to no more than 15 percent of the actual period of pre-sentence custody. Section 667.5 includes, among other offenses, voluntary manslaughter. (*See* Pen. Code, § 667.5(c)(1).) When a defendant has committed an act of violence which results in a crime for which he is prosecuted and the victim later dies because of the consequences of the same act, the second prosecution is for a different offense and does not violate the double jeopardy clause. (*People v. Breland* (1966) 243 Cal.App.2d 644, 650.) Penal Code section 654 prohibits multiple punishments for a single act; the rule against multiple punishments is satisfied by a provision in the judgment that the defendant be given credit for the time served pursuant to the sentence imposed in the [first prosecution]." (*Id.* at 652.)
>
> Petitioner pled no contest to voluntary manslaughter and was sentenced to an 11-year prison term. He was awarded credit for five years (1825 days) of sentenced time for the time spent in prison as a result of the related attempted robbery in 1999. He was also awarded pre-sentence credit of 187 actual days in custody in 2011 and 28 days for good conduct, pursuant to Penal Code section

> 2933.1. Petitioner now claims that he is entitled to credit for an additional 235 and/or 249 days in custody. As evidence of his entitlement to these credits, he has attached a legal status summary from 1999 showing that he received 249 days of pre-and post-sentence credits towards the 1999 case. As those 249 days of credit were already included in the five-year term that he served, for which he was already awarded "sentenced time" credit, Petitioner has not shown that he is entitled to that additional time. To the extent that he claims he is entitled to an additional 235 days of credit, he has highlighted a portion of the legal status summary that states: "CURRENT BC BALANCE: 235." Petitioner does not explain how this shows that he is entitled to additional custody credit. Therefore, he has not shown that he is entitled to any relief.

Resp't's Lodg. Doc. 12 at 1-2.

Petitioner raised this claim again in a habeas petition filed in the California Supreme Court. Resp't's Lodg. Doc. 19. In that petition, petitioner argued that he was "unconstitutionally denied" credits against his sentence for time spent in custody after his first conviction. Petitioner again challenged the trial court's failure to award him "the 249 days of credit for his pre-and post sentence credit, nor the 235 days of credit for his incarceration credit from the original case." *Id.* The California Supreme Court denied that habeas petition with a citation to *In re Clark*, 5 Cal.4th 750, 767-69 (1992) (discussing claims presented in repeated applications for relief (successive petitions) and piecemeal presentation of claims). Resp't's Lodg. Doc. 20.

Respondent argues that the California Supreme Court's citation to *In re Clark* constitutes a state procedural bar which precludes this court from addressing the merits of petitioner's second claim for relief. As in the claim discussed above, the court will assume that petitioner's claim is not defaulted and will address it on the merits.

Petitioner's second claim for relief involves solely the interpretation and/or application of state sentencing law. As such, it is not cognizable on federal habeas review. *See Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n.21 (1982) and *Estelle v. McGuire*, 502 U.S. 62, 67, 72-73 (1991)); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

13

*See also Logan v. Hubbard*, No. CIV S-07-2704 LKK KJM P, 2008 WL 2074468, *1 (E.D. Cal. May 12, 2008) (claim that state court did not compute presentence credits correctly under California law does not raise federal constitutional question). The Sacramento Superior Court's determination that petitioner was not entitled to credit under state law for an additional 235 and/or 249 days in custody is binding on this court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Petitioner's allegation in his California Supreme Court habeas petition that he was "unconstitutionally denied" these time credits does not change the fact that petitioner's claim before this court is essentially a challenge to the application of state sentencing law. A habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). *See also Wilson v. Corcoran*, 562 U.S. 1, 17 (2010) ("It is not enough to note that a habeas petitioner asserts the existence of a constitutional violation; unless the federal court agrees with that assertion, it may not grant relief."); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir.1989) (challenge to the imposition of sentence based solely on a violation of section Pen. Code § 654 not cognizable in a federal habeas proceeding).

In order to merit federal habeas relief, petitioner must show that his failure to receive these time credits somehow "violated the Constitution, laws, or treaties of the United States." *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting *Estelle*, 502 U.S. at 68). Petitioner has failed to make this showing. He has also failed to establish, under AEDPA, that the state court's rejection of this claim was contrary to, or an unreasonable application of clearly established federal law. *See Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law"). Even under a de novo standard of review, petitioner is not entitled to federal habeas relief because he has failed to demonstrate that the state's failure to award him sentence credits violated federal law.

14

Under narrow circumstances, a sentencing error may violate due process if the state court misapplied its sentencing laws in an arbitrary or capricious manner. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992) ("[T]he federal, constitutional question is whether [the sentencing error] is so arbitrary or capricious as to constitute an independent due process . . . violation.) (quotation marks and citations omitted). But "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Assuming arguendo that petitioner's allegations raise a federal due process claim, he has failed to demonstrate that the state court's failure to award him time credits for an additional 235 and/or 249 days in custody was fundamentally unfair, arbitrary, capricious, or even erroneous.

For the foregoing reasons, petitioner is not entitled to federal habeas relief on his second claim for relief.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied;
2. The Clerk is directed to close the case; and
3. The court declines to issue a certificate of appealability.

DATED: October 20, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE